McGREGOR W. SCOTT
United States Attorney
MARLON COBAR
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone:  (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 1: 05 CR 00436 SMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | PURSUANT TO RULE 11(c)(1)(C) OF |
| v. | ) | THE FEDERAL RULES OF |
| | ) | CRIMINAL PROCEDURE |
| | ) | |
| NOBLE EXPRESS, INC., | ) | Date: November 16, 2005 |
| | ) | Time: 10:00 a.m. |
| Defendant. | ) | Dept: Courtroom 4 |
| | ) | Hon.  Sandra M. Snyder |
| | ) | |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, and MARLON COBAR, Assistant United States Attorney, and the defendant, NOBLE EXPRESS, INC., and its attorney and SUSAN M. BROWN, have agreed as follows[1]:

---

[1]The defendant acknowledges that this plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1.   Charges.

The defendant NOBLE EXPRESS, INC. acknowledges that it has been charged in an Information, in the Eastern District of California, with a class A misdemeanor violation of 49 U.S.C. § 521 (b)(6)(A); 18 U.S.C. § 2; and 49 C.F.R. §§ 382.215, 382.501(b) and 382.507 - read together, a violation of the U.S. Department of Transportation's promulgated rules and regulations governing commercial trucking companies' duties to test their drivers for controlled substances prior to driving commercial trucks.

2.   Specific Sentence Agreement.

(a)   The government and the defendant agree that a specific sentence, as set forth below in Section 3, is appropriate in this case.  Consequently, this Memorandum of Plea Agreement is being offered to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Under the provisions of Federal Rule of Criminal Procedure 11(c)(3)(A), the Court may accept or reject the agreement, or it may defer its decision or rejection until there has been an opportunity to consider the Presentence Report.  If the Court accepts the Memorandum of Plea Agreement, the Court will inform the defendant that it will impose judgement and sentence in accordance with the disposition provided for in this Memorandum of Plea Agreement.  If the Court rejects this Memorandum of Plea Agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw its plea and advise the defendant that if it persists in a not guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the Memorandum of Plea Agreement.

//

1     3.   Proposed Sentence.

2     (a)   The parties agree that the defendant, NOBLE EXPRESS,

3  INC., shall receive a sentence of one (1) one-year unsupervised

4  probation under the following terms and conditions[2]:

5     (1)   At the time of the entry of the plea, the defendant

6  shall pay a criminal fine in the amount of FIVE THOUSAND DOLLARS

7  ($5,000.00).  This amount shall be paid by cashier's check and

8  made payable to: "CLERK, UNITED STATES DISTRICT COURT, EASTERN

9  DISTRICT OF CALIFORNIA."

10     (2)   At the time of the entry of the plea, the defendant

11  shall pay a special assessment in the amount of ONE HUNDRED TWENTY

12  FIVE DOLLARS ($125.00).  This amount shall be paid by cashier's

13  check and made payable to: "CLERK, UNITED STATES DISTRICT COURT,

14  EASTERN DISTRICT OF CALIFORNIA."

15     (3)   During the period of unsupervised probation, the

16  defendant shall not violate any federal, state or local law.

17     (4) During the period of unsupervised probation, the

18  defendant shall comply with all of the Federal Motor Carrier

19  Safety Administration's ("FMCSA")regulations pertaining to its

20  commercial motor carrier operations(commonly referred to as

21  "trucking").  The parties agree that, in this Memorandum of Plea

22  Agreement, the phrase "commercial motor carrier operations"

23  (commonly referred to as 'trucking')" shall be construed to mean

24

25      [2]   Should the defendant violate any of the terms or
conditions during the one-year term of unsupervised probation, the
26  government or the United States Probation Office may, in its
discretion, file a notice of violation of probation with the
27  Court.  In that event, the defendant may be subject to
modification of those terms and conditions and be subject to
28  increased monetary penalties in the discretion of the Court.

3

1  any commercial motor carrier operations, whether they be conducted
2  by NOBLE EXPRESS, INC. directly, by a subsidiary, by any related
3  company, or by any entity which NOBLE EXPRESS, INC. contracts or
4  causes any other entity to contract with.

5       4.   Waiver of Presentence Report and Objections.

6       (a)  The defendant understands that it has a right to an
7  independent investigation into this case and its background by the
8  United States Probation Office which would then prepare a
9  Presentence Report ("PSR") and submit it to the Court.
10 Nonetheless, the defendant agrees to waive its right to such an
11 investigation and to a PSR, and agrees that the Court may sentence
12 it based on the information contained in the captioned
13 Information, the Memorandum of Plea Agreement and the Court's
14 file.

15      (b)  Without limiting the foregoing, the defendant
16 specifically waives all provisions of Rule 32(c) of the Federal
17 Rules of Criminal Procedure.  The parties jointly request that the
18 Court, pursuant to Rule 32(c), make a finding that there is
19 sufficient information in the record to enable the meaningful
20 exercise of authority pursuant to 18 U.S.C. § 3553, and that the
21 Court explain this finding on the record.

22      (c)  If the Court agrees, the government and the defendant
23 jointly agree to recommend that the defendant be arraigned, plead
24 guilty to the captioned Information and be sentenced on the same
25 day.

26      5.   Agreements by the Defendant.

27      (a)  The defendant agrees that this plea agreement shall be
28 filed with the Court and become a part of the record in the case.

4

1    (b)   The defendant agrees to enter a plea of guilty to the
2  captioned Information, charging it with a class A misdemeanor
3  violation of 49 U.S.C. § 521 (b)(6)(A); 18 U.S.C. § 2; and 49
4  C.F.R. §§ 382.215, 382.501(b) and 382.507 - read together, a
5  violation of the U.S. Department of Transportation's promulgated
6  rules and regulations governing commercial trucking companies'
7  duties to test their drivers for controlled substances prior to
8  driving commercial trucks.  The parties agree that they may
9  proceed in this class A misdemeanor case by way of the captioned
10  Information and that an Indictment returned by a Grand Jury
11  sitting in this district is not required by law.  The parties also
12  agree that they will proceed before a U.S. Magistrate Judge in the
13  disposition of this case.  In particular, the defendant agrees to
14  waive its right to have this case heard before a U.S. District
15  Judge sitting in this district. Furthermore, the defendant agrees
16  that it is in fact guilty of the captioned charge and that the
17  facts set forth in the factual basis of this agreement are true
18  and accurate.
19    (c)   The defendant is aware that Title 18, United States
20  Code, Section 3742 affords a defendant the right to appeal the
21  sentence imposed.  Acknowledging this, the defendant knowingly and
22  voluntarily agrees to waive all Constitutional and statutory
23  rights to appeal, including, but not limited to an express waiver
24  of appeal of this plea (including venue and statute of
25  limitations) and to attack collaterally its plea, whether by way
26  of a motion pursuant to 28 U.S.C. § 2255, 18 U.S.C. § 3742, or
27  otherwise.   The defendant knowingly and voluntarily waives the
28  right to appeal any sentence which is in accordance with the

maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives its right to challenge its sentence or the manner in which it was determined in a post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Section 2241 or 2255.  However, the defendant reserves the right to appeal any sentence imposed in excess of the statutory maximum.

(d)  If the defendant's conviction on the count to which it is pleading is ever vacated at the defendant's request, or its sentence is ever reduced at its request, the government shall have the right (1) to prosecute the defendant on any of the counts to which it pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses it might have to the government's decision, including Double Jeopardy.  In particular, it agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(e) The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover

6

1   attorneys' fees or other litigation expenses in connection with
2   the investigation and prosecution of all charges in the above-
3   captioned matter and of any related allegations (including without
4   limitation any charges to be dismissed pursuant to this Agreement
5   and any charges previously dismissed).

6        (f)   The defendant hereby acknowledges the benefits it has
7   received pursuant to the plea disposition set forth in this
8   Memorandum of Plea Agreement and its guilt of the offenses to
9   which it is pleading guilty.

10       6.   <u>Agreements by the Government</u>.

11       (a)   This agreement does not prevent the government from
12  providing any and all information concerning the offenses to which
13  the defendant is pleading guilty and other relevant conduct to the
14  Probation Office and/or the Court upon request and in connection
15  with the defendant's sentence.  However, the government
16  acknowledges that under section 4 of this agreement, the defendant
17  agrees to waive its right to a Presentence Report, and agrees that
18  the Court may sentence it based on the information contained in
19  the captioned Information, the Memorandum of Plea Agreement and
20  the Court's file.

21       (b)   If the Court agrees, the government and the defendant
22  jointly agree to recommend that the defendant be arraigned, plead
23  guilty to the captioned Information and be sentenced in the same
24  day.

25       (c)   The government will recommend that the defendant receive
26  the specific sentence jointly recommended by the parties in
27  Section 3 of this agreement.  The government does not recommend
28  any further reductions or enhancements of that sentence.

7

(d)   The government agrees that no further criminal charges, civil actions or administrative proceedings will be brought by the United States Attorney's Office for the Eastern District of California or the Federal Motor Carrier Safety Administration, against NOBLE EXPRESS, INC. and its present or former officers and employees, based in whole or in part on the investigation by the United States Department of Transportation's Office of Inspector General and the Federal Motor Carrier Safety Administration, giving rise to this plea agreement and the facts set out in the factual basis below.  This agreement shall not exclude the institution of criminal prosecutions as a result of independent investigations begun subsequent to the date of the filing of this plea agreement.  This agreement does not extend to any potential federal or state tax consequences or liability arising from such investigations.

(e)   The government agrees that the United States Attorney's Office for the Eastern District of California is not aware of any criminal, civil or administrative proceedings or investigations, based in whole or in part on the investigation giving rise to this plea agreement and the facts set out in the factual basis below, that are currently being conducted by any federal government agency against NOBLE EXPRESS, INC. and its present or former officers and employees.

7.   Nature, Elements, Possible Defenses, and Factual Basis.

(a)   The defendant's duly authorized representative has read the charges contained in the captioned Information, and those charges have been fully explained to the defendant by its attorneys.

1    (b)   The defendant fully understands the nature and elements
2  of the crime with which it has been charged, together with the
3  possible defenses thereto, and has discussed them with its
4  attorneys.

5    (c)   The elements of a violation of Title 49, United States
6  Code, Section 521 (b)(6)(A); Title 18 United States Code, Section
7  2 and Title 49 of the Code of Federal Regulations, Sections
8  382.215, 382.501(b) and 382.507, read together, are as follows:

9    First, that the defendant, a commercial motor carrier
10 employer, knowingly permitted a commercial vehicle driver to
11 perform a safety sensitive function, to-wit: drive a commercial
12 motor vehicle; and

13   Second, that the commercial vehicle driver had not undergone
14 and completed the required pre-employment drug testing as required
15 by the relevant regulations promulgated by U.S. Department of
16 Transportation and the Federal Motor Carrier Safety
17 Administration.

18   (d)   The defendant will plead guilty because it is in fact
19 guilty of the crime set forth in the captioned Information.   The
20 defendant also agrees that the following are the facts of the
21 case, although it acknowledges that, as to other facts, the
22 parties may disagree:

23         At all relevant times, defendant NOBLE EXPRESS,
        INC. was a California corporation, headquartered in
24      Madera, California, with its principle business being
        the transportation of goods in interstate commerce.
25
           At all relevant times, defendant held United
26      States Department of Transportation("USDOT")Number
        1196010, which authorized its employees to drive
27      commercial motor vehicles in interstate commerce.  As
        such, the defendant and its commercial truck drivers
28      were subject to regulation by the Federal Motor Carrier
        Safety Administration ("FMCSA"), an agency of the

                              9

United States Department of Transportation charged with enforcing trucking safety laws and regulations.

At all relevant times, the FMCSA promulgates certain rules and regulations ensuring safety in the interstate commercial trucking industry.  These regulations include, but are not limited to, the following as relevant to this case:

A.    Title 49 of the Code of Federal Regulations, Section 382.215 requires that no driver shall report for duty, remain on duty or perform a safety-sensitive function, if the driver tests positive for controlled substances.  No employer having actual knowledge that a driver has tested positive for controlled substances shall permit the driver to perform or continue to perform safety sensitive functions.  Driving a commercial truck is such a safety-sensitive function.

B.    Title 49 of the Code of Federal Regulations, Section 382.301 requires that drivers undergo testing for alcohol and controlled substances as a condition of employment prior to being allowed to perform a safety-sensitive function.

C.    Title 49 of the Code of Federal Regulations, Section 382.405(d) requires that commercial trucking employers make available copies of all results for employer alcohol an/or controlled substance testing conducted under the regulations promulgated by FMCSA, and any other information pertaining to the employer's alcohol misuse and/or controlled substances use prevention program, when requested by the Secretary of USDOT, any USDOT agency, or any state or local officials with regulatory authority over the employer or any of              its drivers.

At all relevant times, O.M. and M.H. were commercial truck drivers employed by defendant Noble Express, Inc.  On June 29, 2005, O.M. reported to work and was promptly dispatched with M.H. to the State of Arizona by Noble Express, Inc. dispatching personnel to deliver a load of goods, despite the fact that he had not undergone and completed the required pre-employment drug testing as required by the relevant regulations promulgated by FMCSA.

Despite O.M. alerting Noble Express, Inc. dispatching personnel that he had not completed the required pre-employment drug testing, said dispatching personnel knowingly dispatched him to deliver a load of goods in

10

interstate commerce to the State of Arizona in violation of the relevant regulations promulgated by FMCSA.  Thus, on or about June 29, 2005, within the State and Eastern District of California and elsewhere, in a matter within the jurisdiction of the executive branch of the United States government, namely the Federal Motor Carrier Safety Administration and the United States Department of Transportation, an agency and department of the United States of America, the defendant Noble Express, Inc., through its employees and agents, knowingly permitted Noble Express Inc. commercial truck driver O.M. to perform a safety-sensitive function, to wit: driving a commercial motor vehicle, when Noble Express, Inc. through its employees and agents knew that O.M. had not undergone and completed the required pre-employment drug testing as required by the relevant regulations promulgated by FMCSA.

8.   Potential Sentence.

The defendant understands that should the Court reject this plea agreement being offered by the parties, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the defendant subsequently elects not to withdraw its guilty plea contained herein, the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005), and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately

11

taken into consideration by the Sentencing Commission in formulating the Guidelines.  Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).  The defendant understands that the following is the maximum potential sentence it faces for the sole count charged in the captioned Information:

    (a)   Probation.

            Maximum: Five(5) years.

    (b)   Fine.

            Maximum: $200,000.00.

    (c)   Both such fine and probation.

    (d)   Penalty Assessment.

            Mandatory:  $125.00.

9.   <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty it surrenders certain rights, including the following:

(a)   If the defendant persisted in a plea of not guilty to the charges against it, it would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The defendant has a right to a jury trial.  However, in order that the trial be conducted by a judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by a judge without a jury.

(b)   At trial, the defendant would have the right to be assisted by an attorney, who would be appointed if necessary.

(c)   If the trial were a jury trial, the jury would be

1  composed of twelve lay persons selected at random.  The defendant
2  and its attorney would have a say in who the jurors would be by
3  removing prospective jurors for cause where actual bias or other
4  disqualification is shown, or without cause by exercising
5  peremptory challenges.  The jury would have to agree unanimously
6  before it could return a verdict of either guilty or not guilty.
7  The jury would be instructed that the defendant is presumed
8  innocent and that it could not convict it unless, after hearing
9  all the evidence, it was persuaded of its guilt beyond a
10 reasonable doubt.

11        (d)  If the trial were held before a judge without a jury,
12 the judge would find the facts and determine, after hearing all
13 the evidence, whether or not he was persuaded of the defendant's
14 guilt beyond a reasonable doubt.

15        (e)  At a trial, whether by a jury or a judge, the government
16 would be required to present its witnesses and other evidence
17 against the defendant.  The defendant would be able to confront
18 those government witnesses and its attorneys would be able to
19 cross-examine them.  In turn, the defendant could present
20 witnesses and other evidence on its own behalf.  If the witnesses
21 for the defendant would not appear voluntarily, it could require
22 their attendance through the subpoena power of the Court.

23        (f)  At a trial, the defendant would have a privilege against
24 self-incrimination so that its duly authorized representatives
25 could decline to testify, and no inference of guilt could be drawn
26 from their refusal to testify.

27        (g)  The defendant understands that by pleading guilty it is
28 waiving all of the rights set forth above and the defendant's

13

1  attorneys have explained those rights to its duly authorized
2  representative and the consequences of a waiver of those rights on
3  behalf of the corporate defendant.

4        10.   Questions by Court.

5        The defendant understands that if the Court questions its
6  duly authorized representative under oath, on the record and in
7  the presence of counsel, about the offense to which it has pleaded
8  guilty, his answers, if false, may later be used against him in a
9  prosecution for perjury or false statement.

10       11.   Entire Agreement.

11       The defendant and its attorneys acknowledge that no threats,
12 promises or representations have been made, nor agreements
13 reached, other than those set forth in this Memorandum of Plea
14 Agreement, to induce the defendant to plead guilty.

15       12.   Court not a Party.

16       It is understood by the parties that the sentencing Court is
17 neither a party to nor bound by this agreement and the sentencing
18 judge is free to impose the maximum penalties as set forth in
19 Section 8 above.  Also, should the Court fail to follow any or all
20 of the government's sentencing recommendations, the defendant will
21 not be allowed to withdraw its plea.  With that understanding, the
22 parties agree that the provisions of Section 2 above govern the
23 submission of this Memorandum of Plea Agreement.  Thus, if the
24 Court rejects this Memorandum of Plea Agreement, the Court shall
25 so advise the defendant, allow the defendant the opportunity to
26 withdraw its plea and advise the defendant that if it persists in
27 a not guilty plea, the disposition of the case may be less
28 favorable to the defendant than that contemplated by the

                                14

1  Memorandum of Plea Agreement.

2      13.  Right to Counsel.

3      The defendant understands that it has a right to counsel

4  throughout this case from its initial appearance through trial or

5  guilty plea or dismissal of the case against it and through and

6  including any sentencing.  Unless waived in this plea agreement,

7  the defendant has a right to counsel for a direct appeal in this

8  case.  The defendant understands that the right to counsel

9  includes the provision of defense counsel through the Court if the

10  defendant cannot afford to hire counsel.

11  DATED: November 14 , 2005        McGREGOR W. SCOTT
                                     United States Attorney
12

13

14                                   By
                                        MARLON COBAR
15                                   Assistant U.S. Attorney

16

17

18

19  DATED: November 06, 2004         _____
                                     PHILLIP MICHAEL RANDALLS
20                                   President, NOBLE EXPRESS, INC.

21

22

23

24  DATED: November 14, 2004
                                     SUSAN M. BROWN
25                                   Attorney for Defendant
                                     NOBLE EXPRESS, INC.
26

27

28

                                     15